Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

Civil Division

Anthony Bryant Eaves

_____
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

8. The Stars Group Inc., US ;9. Mount Airy #1, LLC; Lachlan Murdoch
FANDUEL, INC   (2) Fox Corporation (3) Flutter
Entertainment Plc. (4) The Stars Group, Inc (5) TSG Interactive
US Limited Corporation (6) Pennsylvania Gaming Control
Board (7) New Jersey Division of Gaming Enforcement
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* [ ] Yes  [✓] No

RECEIVED

JUL 2 9 2024

AT 8:30_____ M
CLERK, U.S. DISTRICT COURT - DNJ

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | ANTHONY BRYANT EAVES |
| Address | 2005 WYANDOTTE STREET |
| | PITTSBURGH        PA        15219 |
| | *City*        *State*        *Zip Code* |
| County | ALLEGHENY |
| Telephone Number | 724-889-3009 |
| E-Mail Address | EAVESANTHONY27@YAHOO.COM |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed. "see attached"

**Defendant No. 1**

| | |
|---|---|
| Name | The Stars Group, US |
| Job or Title *(if known)* | |
| Address | 4000 Hollywood Blvd., Suite 360-N |
| | Hollywood        FL        33021 |
| | *City*        *State*        *Zip Code* |
| County | BROWARD |
| Telephone Number | (437) 371-5742 |
| E-Mail Address *(if known)* | |

☑ Individual capacity    ☐ Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | Fox Corporation |
| Job or Title *(if known)* | |
| Address | 1211 Avenue of the Americas, 2nd Floor |
| | New York        NY        10036 |
| | *City*        *State*        *Zip Code* |
| County | New York |
| Telephone Number | (212) 852-7000 |
| E-Mail Address *(if known)* | |

☑ Individual capacity    ☐ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3

Name | Fox Corporation

Job or Title *(if known)*

Address | 10201 West Pico Blvd, Bldg 310, Ground Floor

| Los angeles | CA | 90064 |
| *City* | *State* | *Zip Code* |

County | 10201 W Pico Blvd los angeles ca 90064

Telephone Number | 310-369-1000

E-Mail Address *(if known)*

[✓] Individual capacity   [ ] Official capacity

Defendant No. 4

Name | Mount Airy #1, LLC . **d/b/a** . Mount Airy Casino & Resort

Job or Title *(if known)*

Address | 312 Woodland Road

| Pocono | PA | 18344 |
| *City* | *State* | *Zip Code* |

County | Monroe County

Telephone Number | (877) 682-4791

E-Mail Address *(if known)*

[✓] Individual capacity   [ ] Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights. **"See ATTACHED"**

A.   Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Fourteenth Amendment Procedural Due Process Civil of which holds jurisdictions over individuals doing business in the state; 18 U.S. Code 242- Deprivation of rights under color of law; Seventh Amendment requiring civil jury trials when the value in controversy exceeds $ 20.00; 18 U.S.C 1341; The Federal Franchise Rule serves the purpose of making facts known to the public; False Claims Act; Program Fraud Act; 12 § 1026.23 (a) Right To Rescission;  15 U.S.C. Sec. 45(a)(1);  18 U.S.C. § 242; ▪

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens,* what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

18 U.S.C. § 241: 18 U.S. Code § 1951; Consumer Rights Act of 2016; Consumer Financial Protection Act of 2010; 29 U.S. Code §1109 - Liability for breach of fiduciary duty ; intentional interference with contractual obligations; 18 U.S.C. §1341 (Fraud & Swindles) 33 US Code §931 ; Consumer Rights Act of 2015 (UK Law); Consumer Financial Protection Act, 2000 Unlawful Internet Gambling Enforcement Act of 2006 ; Trade Practice Act; Federal Trade Commission Act section 5(a);

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Casinos are considered banks under the Bank Secrecy Act however Mount Air Casino & Resort is regulated by the state of Pennsylvania Gaming control Board while FoxBet SportsBook & Casino diected 'plaintiff' to contact the New Jersey Division Gaming Enforcement in regards to issue with their online platform FoxBet Sportsbook & Casino. Mt.Airy Casino & Resort formed a partnership with The Stars Group of whom has his assets. Plaintiff suffered econmic losses and "unfair bussiness practices."

## III.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   Where did the events giving rise to your claim(s) occur?
The events giving rise to in my claim occurred on the Fox Bet Sportsbook & Casino mobile app in while plaintiff had been physically located in Pittsburgh, Pennsylvania.

B.   What date and approximate time did the events giving rise to your claim(s) occur?
February 1, 2022, January 30, 2022, January 28, 2022, January 15, 2022, January 13, 2022, January 10, 2022, January 6, 2022, January 5, 2022, January 3, 2022, December 24, 2021, December 28, 2021, December 2, 2021, November 30, 2021,  November 17, 2021, November 7, 2021, October 10, 2021, July 31, 2023; August 31, 2023; January 30, 2022; January 31, 2022; February 4, 2022; February 8, 2022; February 9, 2022; May 24, 2022;

C.   What are the facts underlying your claim(s)? *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)* continued- "see attached"
Flutter Entertainment, Plc kept Fox Bet's customer database and its licenses, while Fox Corporation retained the Fox Bet brands of whom plaintiff has an closed account with the username Gamble100402. On 09-18-2022 he sent an email to: support@foxbet.com stating "I am requesting only to have my redemption for 11,384 stars coins in my account". On 09-18-2022 an email was received by me from wecare@starsaccountpa.com stating Subject: Account excluded "you are still excluded, we ask that you please contact the New Jersey Division of Gaming Enforcement.' On 01-30-2022 plaintiff made a $500.00 deposit into Fox Bet App and accumulated $20,303.07 of which he withdrew from his player bankroll on 01-31-2022. The only method to withdrawal reversal belongs to the player using the Mobile App after logging in to the player account, select "cashier" and select "withdrawal" wherein every pending withdrawal will be displayed. A transaction ID # is assigned and sent to the player via email, by the defendants for every withdrawal reversed. There exist no transaction # to the withdrawal reversal of $20,303.07. Per policy via Bank Transfer to a bank account occurs in 3-5 business days. Contrarily an email sent from security@starsaccountpa.com Julia, proves a third-party cancelation of a bank transfer.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Pecuniary Injury. Plaintiff sustained 3 separate monetary losses due to the defendants unlawful conduct and deceptive business practices.

Monetary Loses #1- $20,303.07 I made a with draw attempt in the amount of Twenty Thousand Three Hundred Three Dollars and Seven Cents contrarily the withdraw was reversed by a third-party. On 01-30-2022 plaintiff made a $500.00 deposit into Fox Bet App and accumulated $20,303.07 of which he withdrew from his player bankroll on 01-31-2022. The only method to withdrawal reversal belongs to the player using the Mobile App after logging in to the player account, select "cashier" and select "withdrawal" wherein every pending withdrawal will be displayed. A transaction ID # is assigned and sent to the player via email, by the defendants for every withdrawal reversed. There exist no transaction # to the withdraw reversal of $20,303.07. Per policy via Bank Transfer to a bank account occurs in 3-5 business days. Contrarily an email sent from security@starsaccountpa.com Julia, proves a third-party cancellation.

Monetary Loses #2- Loyalty Rewards Points Fox Bet Sportsbook & Casino shut down their operation and I had unused credit and awards with an estimated value of $2,000.00. Loyalty Members are rewarded based of their play, deposits and winnings. Player, plaintiff Anthony Eaves made 17 deposits by means of debit transactions and Pay Near Me methods amounting to a total of $9,500.00 dollars deposited into his player bankroll with Fox Bet Sports book & Casino.

Monetary Loses #3- Rebate Check equivalent to 11,384 stars coins I had been previously prevent redemption of my remaining 11,384 stars coins in my account. I have provide a screen shot of this matter attached to the complaint. complaint as an exhibit

## V.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

I seek injunction relief against the parties to this action because this matter is unlawful by statute, regulations, franchise contract, terms and conditions, policies and a result in breach of duty of loyalty as I am also enrolled in the companies Loyal Rewards Program. I am seeking an injunction that would provide the withdraw amount of $20,303.07 back into his account with their sister company Poker Stars as that is the method of which all players are suppose to use to access their funds if they didn't close their account prior to August 31, 2023 when FanDuel Sportsbook & Casino closed down the operation. If not, I seek compensatory damages consequential damages, treble damages, for breach of duty of loyalty, breach of contract, franchisee fraud, fraudulent misrepresentation, negligent misrepresentation, Such damages are awarded to the plaintiff by law and in accordance with the Consumer Protection Act. Absolute liability; Corporate Liability; Parent Subsidiary Liability; Liability of a Franchiser for Acts of a Franchisee; Respondeat Superior-Vicarious Liability; Consumer Rights Act 2015 a United kingdom law wherein the defendant Flutter Entertainment Plc is located; The retainment of the withdraw and retainment of the player loyalty rewards points and retainment of player stars coins is is protected by the Promissory estoppel doctrine.

A breach of contract occurs when the party defendant(s) failed to fulfill its obligations as outlined in a legally binding agreement, leading to a violation of the terms and conditions specified in the contract however since the Fox Bet Sportsbook & Casino App is operated and owned through a partnership it's unclear which parties to this action is liable for the breach. Since FoxBet Sportsbook & Casino closed it's doors it's unclear which party defendant is liable for damages to this breach of contract.   *CONTINUED "SEE ATTACHED"*

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.        For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          07/24/2024

Signature of Plaintiff          Anthony Eaves

Printed Name of Plaintiff      Anthony Eaves

### B.        For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

ADDITIONAL Defendant(s)

RECEIVED

JUL 2 9 2024

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

**Defendant(s) Name and Addresses:**
**(5) The Stars Group Inc.** (Official capacity)
**Address:** 200 Bay Street South Tower, Suite 3205 Toronto, Ontario, Canada M5J 2J3.
**(6) Flutter Entertainment P.L.C.** (Official capacity)
Address: Belfield Office Park, Beech Hill Rd, Dublin 4, Belfield
**(7) Pennsylvania Gaming Control Board Office of Enforcement Counsel**
(Official capacity) 303 Walnut Street Strawberry Square,
Commonwealth Tower 10th Floor Harrisburg, PA 17101 9
**(8) New Jersey Division of Gaming Enforcement (Official capacity)**
*1300 Atlantic Avenue, Atlantic City, NJ 08401 140 East Front Street,*
*P.O. Box 047, Trenton, NJ 08625*
**(9) Flutter Entertainment P.L.C (Official capacity)**
Hammersmith Embankment Waterfront, Winslow Rd. Hammersmith
**(10)** Lachlan Murdoch- Chief Executive Officer (Individual capacity)
211 Avenue of the Americas, 2nd Floor New York, NY 10036
**(11) Fanduel, Inc-** *1375 Broadway New York, NY 10018*
**(12) Fanduel, Inc-**300 Park Ave S, Floor 14 New York, NY 10010
(13) TSG INTERACTIVE SERVICES LIMITED-Douglas Bay Complex King
Edward Road, Onchan Isle Of Man, IM3 1DZ UNITED KINGDOM

**Additional "Facts"**

RECEIVED

JUL 2 9 2024

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

**July 25, 2024**

### IN THE UNITED STATES DISTRICT OF FOR THE DISTRICT OF NEW JERSEY

**1.** "Plaintiff" has an online account with the Stars Group subsidiary Foxbet Sportsbook & Casino. His username is Gamble 100402. At 5:13 PM on January 30, 2022. The plaintiff made a deposit of $500.00 by using the Pay Near Me method. Within a day he accumulated $20,303.07. Anthony Eaves requested a withdrawal in the amount of $20,303.07. The withdrawal amount of $20,303.07 became a pending bank transfer therefore the issue in the plaintiff's complaint is not reversal but rather an intentional interference into the plaintiff's bank which was unlawfully canceled by a third-party through non-corporate means thus resulting into "corporate liability"; "casino liability"; "direct liability"; "franchisor liability"; and "liability of the franchisor for acts of its franchisee". There was an intent to defraud the plaintiff out of his bank transfer after he withdrew $20,303.07 from his player bankroll; it went into the stages of a direct bank transfer. Plaintiff's bank transfer of $20,303.07 is regulated by federal laws: (1) the **Unlawful Internet Gambling Enforcement Act** and (2) the **Federal Wire Act is an Act** to amend chapter 50 of Title 18 U.S.C. with respect to the transmission of bets, wagers, and related information. The Intentional Interference of the plaintiff's bank transfer in the amount of $20,303.07 is herein unlawful under these regulations.

**2.** The gaming operator FoxBet retained the plaintiff loyalty rewards points, $20,303.07 bank transfer and stars coins ($100.00- rebate check) without careful and fair consideration which is violate to the Consumer **Consumer Financial Protection Act** of 2010 i **an amendment to the National Bank Act**; Consumer Rights Act; Federal Trade Regulations

**3.** The parties to this civil action are required by law of the **Federal Trade Commission Act** to prevent unfair or deceptive acts, gather and compile information relevant to the plaintiff and his account

statements, and allow consumers to seek monetary redress and other relief for conduct injurious to consumers.

**4.** New Jersey and Pennsylvania both have legal casino gambling. Fanduel, Inc and Poker Stars were both subjected to acquire points and player accounts created on FoxBet Sportsbook & Casino. Flutter Entertainment, Plc has retained ownership of PokerStars, in addition to US sports betting market leader "FanDuel".

**5.** Dissolution of a limited liability company does not terminate. Companies are forced to eventually assign the currency real value by making it exchangeable for tangible items at no cost to its customers/clients namely "plaintiff" Anthony Eaves (hereinafter referred to as the "Plaintiff"), who's self-represented, on his own behalf, files this action against the captioned defendants. This action involves "**duplicity**" wherein there are tort and contract claims made against the parties. "Plaintiff" implies Intentional Interference with contractual relations as a cause of action for commencement of this civil action under tort law upon which a defendant may be liable for damages from interference with the plaintiff's contractual relations with a third party which violated principles of bankroll management.

**6.** **At all material times** (Parent Company) Flutter Entertainment, Plc an Ireland-based global gaming and sports betting company is the successor-in-interest to The Stars Group, Inc of whom also operated Fox Bet Sportsbook of which is **headquartered in the state of New Jersey** however Fox Company located in New York and The Stars Group located in Canada invested in Fox Bet Sportsbook therefore plaintiff commences this civil action against Fox Bet's parent company, Flutter Entertainment Plc and The Stars Group. TSG Interactive Limited is the internet gaming operator of Mount Airy Casino & Resort **Mount Airy #1, LLC is the owner of Mount Airy Casino & Resort and has a partnership with the Stars Group Inc US.**

**7.** According to **Exhibit 44** *the Fox Bet Frequently Asked Questions page directs its customers to its "sister brand," Fanduel Sportsbook New Jersey.* According to **Exhibit 43,** Flutter Entertainment, PLC, is an

Ireland-based global gaming and sports betting company and the successor-in-interest to the Stars Group, Inc. (the "Company"). A phased closure of FOX Bet's operations occurred between July 31, 2023 and August 31, 2023 when it went offline. "Your FOX Bet Account will be available through your normal login process until August 31, 2023, If you have not closed your account prior to August 31, 2023, your account can be accessed through the PokerStars and PokerStars Casino Apps using the same login, or a customer service agent can assist you", thus shown in (**Exhibit 43** ).

8.    When Contrasting **Exhibit 43** with **Exhibit 44,** FoxBet customers have been directed to PokerStars and Fanduel Inc. wherein the duties of these casinos are regulated under successor liability wherein its the liability of the successor for its predecessors debts when the two companies are essentially the same with a change in form but not substance.

9.    When two businesses engage in a transfer of assets, the transferee (the "successor") should be mindful of the fact that under certain narrow circumstances, it may inherit the liabilities of the transferor (the "predecessor").

**10.**   Whenever, "plaintiff" logged into his account on FoxBet SportsBook & Casino the defendant(s) impermissibly disallowed him to redeem the **$100 instant bonus** using his star coins. Plaintiff had 11,384 Star Coins available to him. He has the option to choose either a $100.00 rebate check or $100 in site credit. On May 24, 2022 he chose to spend 9,000 Star coins to receive a $100.00 instant bonus. After he selects this option the next screen states "GET THIS ITEM". Afterwards the next  screen states, Confirm This Item "yes or no". The last screen states the Word "Error" <u>highlighted in red</u>. The Stars coins have  expire and Mr. Eaves has been denied use of coins at the Rewards Store of which are equivalent to $130.00.

**11.**   Canceling the bank transfer amount of $20,303.07 is a violation of rules and policy of the player mentioned in **Exhibit 1.** Cancelation or reversal of withdrawal made on the Mobile App belongs to the duty of the player to login into his account via Mobile App with username and

password and select cashier and then withdrawal where a list of pending withdrawals will appear on the screen.

**12.** A violation of **Breach In Fiduciary Duty** between the plaintiff and defendants organizations occurred when the fiduciary actions relied on non website provisions and unorthodox by means of using email correspondence as means of interfering with the bank transfer made by the plaintiff for **$20,303.07 (Twenty Thousand Three Hundred Three Dollars and seven cents)**.

**13.** See **Exhibit 10** an email from **security@starsaccountpa.com** stating "We have canceled your withdrawal per your request" which is inconsistent with **Exhibit 11** sent by **security@starsaccountpa.com** stating "We've placed your withdrawal on hold while we verify your information". The means of email is not an effective way to accurately communicate bank account information by any means. **Exhibit 10** displays an email sent from recipient **security@stars accountpa.com.** In **Exhibit 10** sent on 01/30/2022 at 10:17 AM it explains that "Your pending Bank Transfer withdrawal (Stars Transaction ID **#2782486858**) **for $450.00** has been canceled at your request. In **Exhibit 8** sent on 01/30/2022 at 10:17AM it explains that "Your pending Bank Transfer withdrawal (Stars Transaction ID **#2782486858**) for $450.00 has been canceled at your request. In **Exhibit 9** sent on 01/30/2022 at 3:07 PM it explains that "Your pending Bank Transfer withdrawal (Stars Transaction ID **#2782492213) for $18,781.87** has been canceled at your request.

**14.** **Exhibit 10** doesn't provide a (Stars Transaction ID #). **Exhibit 10 doesn't say Mount Airy #1 LLC on it however Exhibit 10 says "You are receiving this email as a member of The Stars Group" proving liability and "chain of distribution" thus showing "**Respondeat Superior-Vicarious liability" in addition to "Employer-Employee Relationship".

**15.** Lachlan Murdoch is C.E.O of Fox Corporation and is liable for damages in accordance with **"chief executive officer liability"** and **"liability of the board and directors"** is liable for damages by his management activities to the company. His liability is based on the rules of liability for damages in accordance with breach of contract. The **New**

**Jersey Division of Gaming Enforcement,** enforces the Casino Control Act.On March 1, 2024 it announced **Mary Jo Flaherty as interim director of the Division of Gaming Enforcement (DGE) replacing David Rebuck.**

**16.**   Plaintiff, claims numerous violations of **breach in fiduciary duty** occurred which is declared unlawful pursuant to **29 U.S.C. § 1109. On the FoxBet Sportsbook & Mobile App it's unclear as to who exactly is sending email correspondence however the emails addresses are support@foxbet.com, no_reply2@foxbet.com, and security@starsaccountpa.com.**

**17.**   Plaintiff filed two complaints with the Pennsylvania Gaming Control Board and in the Interactive Gaming app FoxBet Sportsbook & Casino {Case:139791227} due to what seems as an **intentional interference with contractual obligations** when the withdraw was reversed by another person whose unknown to the "player" however in the chain of distribution with the defendants thus resulting into a third-party reversal of bank transfer which is unlawful. It is the duty of the player to reverse his withdrawal by logging into interactive gaming and accessing his account wherein any pending withdraws will be displayed. Moreover, the withdrawal reversal was performed against franchisee policy thus resulting in franchisee fraud and breach of the franchise agreement. According to the screenshot made by the **"player"** in the mobile app, the withdrawal was $20,303.07 is a highlighted transaction and the prompt below it states **" The highlighted transactions are currently being reviewed and cannot be canceled. Please check again later".**

**18.**   The profit and bank transfer amount of **$20,303.07 was supposed to remain pending until the completion and outcome of the requested account verification by uploading a utility bill or other documentation.**

**19.**   Moreover, the intentional interference with contractual obligations resulted in the "plaintiff" incurring lost profits and suffering "emotional distress"therefore he filed this action seeking economic damages and non-economic damages.

**20.**   Gambling debts, wagers, or bets may be enforced if they are considered contracts. There is a mutual agreement between two parties and both sides providing things or promises of value ("consideration"), forms the contract. It's upon the Court to enforce these kinds of contractual debts by either: **(1)** *Enforcing a gambling debt in the state where it was legally incurred* or **(2)** Enforcing a debt in another state where that type of gambling is legal.

**21.**   In accordance with **"corporate liability"** a company is liable to operate in a way that overestimates "breakage" meaning services paid for by a customer but not actually used. A company can not incorporate the profits earned from "breakage" after points expire. Regulations require rewards points to be viewed as independent occurrences from the events that incurred the points.

**22.**   A no-responsibility disclaimer is a statement that indicates you are not responsible for damages that result from the use of your service or products. However in the plaintiff's case there doesn't not exist a no-responsibility disclaimer. Plaintiff seeks **contract recession** to overturn the company's action thus making it possible to overturn the withdrawal amount of $20,303.07 made by the plaintiff and canceled by a third-party. In jurisdictions where gambling is legal and regulated, gambling debts can often be collected through legal action making it possible to pursue debt recovery through the courts. **Gambling Debts are still enforceable wherein a gambling operation becomes closed or the money is immune to collection efforts.**

**23.**   **This action is commenced pursuant to franchise litigation relating to the duty of good faith and fair dealing as there is not a specific provision of the franchisee agreement that deals in-part of "plaintiff's" claims.**

**24.**   *FoxBet has ceased its operations, and afterwards allowed its who've accumulated points via FoxBet Sportsbook & Casino; by downloading the (sister company) poker stars or PokerStars Casino App wherein the points and balances for player's account have been made accessible by a transfer process from FoxBet to the PokerStars Casino*

*App*. **Mount Airy Casino #1, LLC, operates Mount Airy Casino Resort and Resort partnered with the Stars Group to bring Pennsylvania residents online casino gambling and Sports betting. Mount Airy Casino Resort in Monroe County located in Pennsylvania.** Poker Stars is operated by the Stars Group. Flutter Entertainment based in Dublin Ireland operated Fox Bet as part of the Poker Stars Group US.

**25.** Under the doctrine of promissory estoppel, even the existence of a promise is sufficient to enforce an agreement, if the other party has suffered damage as a result of acting on that promise. **Three elements of promissory estoppel require the *promisor*, the *promisee*, and *promise* that was not kept, of which is contract law.** If one party failed to uphold their end of a contract, the plaintiff can withdraw from that contract. The Plaintiff's pending bank transfer in the amount of $20,303.07 had been canceled, by a third party and conducted without first confirming is this the account holder, Anthony Eaves. FOX Bet is telling customers their funds will remain in their account and (in states where it's possible) can be used to play on the PokerStars or PokerStars Casino apps.

**26.** "Plaintiff" commences this civil action against the defendants pursuant to tort claim **"Intentional Interference with contractual relations"**, also known as tortious interference.

**27.** The U.S. District Court can litigate this civil action in accordance with Full faith and Credit a requirement, **derived from Article IV, Section I of the Constitution clause** in which requires that all state decisions, public records, and rulings be honored in every state within the united states. Moreover, it attempts to prevent conflict among states and ensure the dependability of judgments across the country. This does so by requiring courts to follow the judgments made on the same issue in another state.

**28.** **The party defendants are liable for damages in accordance with**: Fraudulent misrepresentation; Negligent Misrepresentation; Breach In Fiduciary Duty of loyalty; Franchisee Fraud; **18 U.S.C. § 241: 18 U.S. Code § 1951; 18 U.S.C. § 242;** Title 15 U.S.C. 57a; **Consumer Rights Act**

of 2016; **Consumer Financial Protection Act of 2010;** Breach of Contract Non- Performance; false advertisement; Breach of covenant; Unfair Methods of Competition; Fraudulent misrepresentation; Implied covenant of good faith and fair dealing; Federal Trade Commision Act (15 USC 45); Contractual Remedies Act of 1979; **"Franchisor liability"** based on agency relationships, and **"vicarious liability"** a form of action of liability without fault; breach in fiduciary duty of loyalty; **Unlawful Internet Gambling Enforcement Act of 2006; Consumer Financial Protection Act; Consumer Protection Act** herein referred to as the and/or the **New York Consumer Protection Act** and **Pennsylvania Unfair Trade Practices and Consumer Protection Law {"Act");** Common law fraud; 18 U.S.C 1341 (Frauds & Swindlers) criminalizes schemes to defraud, false pretenses, and fraudulent representations to obtain money or property; violation of franchise contract results into termination of the franchise agreement and/or financial penalties**.**

**29.   In accordance with the bank secrecy act casinos are financial institutions. Casinos in the United States which generate more than $1,000,000.00 in annual gaming revenues are required to report certain currency transactions to assist the Financial Crimes Enforcement Network of the Internal Revenue Services in addition to keeping records of transactions.**

**30.**   Under the doctrine of promissory estoppel, even the existence of a promise is sufficient to enforce an agreement, if the other party has suffered damage as a result of acting on that promise. **Three elements of promissory estoppel require the *promisor*, the *promisee*, and *promise* that was not kept, of which is contract law.** If One party failed to uphold their end of a contract and the plaintiff can withdraw from that contract. The Plaintiff's pending bank transfer in the amount of $20,303.07 had been canceled, by a third party and conducted without first confirming is this the account holder, Anthony Eaves.

**31.**   Plaintiff Anthony commences this civil action against the defendants pursuant to tort claim  "**Intentional Interference with contractual relations"**, also known as tortious interference.

**32.    Section 5(a) of the Federal Trade Commission Act is the statute that (a)** prevents unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce; **(b)** seek monetary redress and other relief for conduct injurious to consumers; **(c)** prescribe rules defining with specificity acts or practices that are unfair or deceptive, and establishing requirements designed to prevent such acts or practices; **(d)** gather and compile information and conduct investigations relating to the organization, business, practices, and management of entities engaged in commerce; **and (e)** make reports and legislative recommendations to Congress and the public. A number of other statutes listed here are enforced under the FTC Act.

**33.    "Loyalty Point Liability"** refers to the amount of money that a company owes to its customers for the loyalty points they have earned through their purchases or other activities with the company. When an Limited Liability Company closes a process known as dissolution begins, meaning you must pay known and present creditors and clients if indebted or else a private citizen can initiate a civil action pursuant to **"Owners Liability"**. Part of the process of dissolving incluses sending notice. If a Limited Liability Company instead distributes assets to the owners of the company, then the owner can be limited to civil penalties and damages by creditors and clients to collect on the assets. A limited liability company can not refuse to pay after they shut down.

**34.    Plaintiff,** on September 18, 2022 plaintiff contacted parent Fox Bet/PokerStars via their email address support@foxbet.com stating " I am requesting only to have my redemption for the 11,384 stars coins in my Fox Bet Sportsbook & Casino account? Redemption means payout for in either a rebate check or something in lieu". Foxbet corresponded via email and stated {Account Excluded} According to records received from the New Jersey Division of Gaming Enforcement, you are still excluded and we are therefore unable to reinstate your account.

**35.    The claims** in this action are governed by the **Consumer Protection Act** and **Trade Practices Act** wherein both laws share some of the same concepts in comparison to the Pennsylvania Unfair Trade

Practice and Consumer Protection Law consisting of fraudulent business practices, Unfair Methods of Competition, false advertisement and consumer protection laws.

**36.** Plaintiff commenced this action in accordance with the legal principle **"absolute liability"** in which the defendant's unlawful actions caused plaintiff an economic loss.

**37.** Plaintiff commenced this action in accordance with the legal principle **"corporate liability" "casino liability" "franchisor liability" "parent subsidiary liability" "franchisor liability" "Liability of a chief executive officer" "Liability of a Franchisor for Acts of a Franchisee" "Franchisee Fraud"** in which the defendant's unlawful actions caused plaintiff an economic loss.

**38.** **Exhibit 3** says that the withdrawal in the amount of $20,303.07 is the only highlighted transaction, currently being reviewed and cannot be canceled. Contrarily to **Exhibit 3**, the language in **Exhibit 10** says "we have canceled your withdrawal as per your request. You are receiving this email as a member of The Stars Group".

**39.** **Exhibit 2** states " Withdrawals processed via Wire Transfer and **Direct Bank Transfer** will be sent for processing within 24 hours except on weekends. Please allow **3-5 business days** after your withdrawal has been processed for the funds to appear in your bank account. **See Exhibit 4,** the withdrawal amount of $20,303.07 was requested to be performed by way of bank transfer(Account ending 1459).

**40.** **See exhibit 17** and **exhibit 18** which plaintiff provided screenshots that he took of the FoxBet Sportsbook & Casino mobile App while using his cellphone. The screen shows after the withdrawal was being processed and couldn't be canceled the FoxBet Sportsbook & Casino Mobile App login was prohibited and was actively under system Updates and Maintenance.

**41.** Fox Corporation partnered with The Stars Group to launch Fox Bet Sportsbook & Casino. **Flutter Entertainment Plc** kept Fox Bet's customer database and its licenses, while Fox will retain the Fox Bet brands,

including the Fox Bet Super 6 brand name. Flutter retained ownership of Poker Stars wherein the plaintiff has a withdrawal policy from both Poker Stars and FoxBet Sportsbook & Casino which are subsidiaries of the defendants. **Exhibit 7** is the withdrawal terms and conditions of the Stars Group subsidiary "**Poker Stars** ". **Exhibit 2** is the withdrawal terms and conditions of the "**Foxbet Sportsbook & Casino**".

**42.**   See the rules and policies between the parent companies and its subsidiaries in **Exhibit 39** and **Exhibit 40** in comparison to **Exhibit 2** and **Exhibit 7. Exhibit 40** displays the elements for withdrawal on behalf of **Mount Airy #1** and its subsidiary **FOX Bet Sportsbook & Casino** at https://mtairycasino.foxbet.com/real-money/. **Exhibit 40** explains "Please allow up to **3-10 business days** after your withdrawal has been processed for the funds to appear in your account".

**43.**   **Exhibit 40 alleges a withdrawal has a maximum of up to 10 business days to appear in the player's bank account. However, the allotted time of 10 days for the $20,303.07 to appear in Anthony Eaves Bank Account was "stopped" and "halted" through an Unreasonable Interference caused by The Stars Group. As Exhibit 10 says** "we have canceled your withdrawal as per your request. You are receiving this email as a member of **The Stars Group**".

**44.**   A reasonable and prudent person would believe that Anthony Eaves requested the withdrawal on January 30, 2022 with the belief that he would receive the withdrawal requested, via Bank Transfer to his checking account in 3-5 business days. January 30, 2022 is a Sunday meaning the next 5 days were business days Monday through Friday. The fifth business date elapsed on Saturday February 5, 2022 at 12:00 AM. Anthony felt symptoms of anxiety and began to panic, however his intention was only to follow the traditional regulations and policy and terms published by the defendants to this action. This issue with the inquiry of his withdrawal by means of email shouldn't have been up for consideration wherein the withdrawal was already made and couldn't be canceled due to the inadequate and lack of customer service, the

withdrawal was reversed resulting in franchisee fraud and breach of the franchisee agreement.

**45.** The **Consumer Rights Act 2015,** a united kingdom law wherein parent company **Flutter Entertainment, Plc** and **TSG Interactive US Limited Corporation** has a place(s) of business. **The Consumer Rights Act 2015** *is regulated and by law under the jurisdiction* "federal question" and a foreign cause of action against Flutter Entertainment Plc and TSG Interactive US Limited Corporation, allowing him relief..

**46.** _Plaintiff was sent an email by the Stars Group stating "We've placed your withdrawal on hold while we verify your information"._ **Contrarily, the withdrawal hold was removed without cause-in-effect of completion for authentication of account verification being completed a second time as account verification is an element of signup for a player account with the Stars Group.** A legal technicality occurred pursuant to the withdrawal amount of being reversed by the defendants and their companies rather than the player himself.

**47.** In contract law, repudiating with respect to a performance not yet due is called anticipatory breach or anticipatory repudiation and the loss incurred substantially impaired the value of the contract.

**48.** The defendants knowingly misrepresented material facts in the rules and policy wherein the cause-in-effect or causation ultimately violated the players rights which is a violation of the **Pennsylvania's Unfair Trade Practices Act and New York's Consumer Protection Act** herein referred to as the federal "Consumer Protection Act". Fraudulent misrepresentation is a tort claim that can occur in a variety of federal laws, including **33 U.S. Code § 931.**

**49. General partners are fully accountable for debts however limited liability company members are liable for corporate debts however an LLC is not held personally responsible for debts owed by the LLC to any member, See the court's decision in Demir v. Schollmeier.**

**50.** The Stars Group Inc, Mount Airy #1, Llc, Fox Corporation and Lachlan Murdoch used deceptive and illegitimate business practice in

addition to unfair methods of competition during the course of business with the consumer, customer and player "Anthony Eaves".

**51.** Plaintiff has right to pursue litigation against the defendant pursuant to the three components of Due Process **(1)** notice**; (2)** an opportunity to be heard**; and (3)** an impartial tribunal in violation of the Fourth and Fourteenth Amendment, the plaintiff bring this civil suit against the defendant in addition to the following causes of actions: **Trade Practices Act.**

**52.   According to Exhibit 44 and email sent to plaintiff from it stated** According to records received from the **New Jersey Division of Gaming Enforcement (DGE),** you are still excluded and we are therefore unable to reinstate your account. Pennsylvania residents are subjected toFanduel New Jersey. Additionally, FoxBet was headquartered in New Jersey where it made its debut.

**PAGE 13**

**ADDITIONAL "RELIEF"**

## RELIEF SOUGHT

Plaintiff hopes and prays that the court grant him relief in the amount of Anthony Eaves, seeks $29,903.07 (Twenty Nine Thousand Eight Hundred Three Dollars and Seven Cents) and the basis for this amount is explained: **(1)** enforcement of the plaintiff's withdraw in the amount of $20,303.07 of which remained in the processing stages however not approved by the defendant's **(2)** $9,500.00 for **17 deposits made by the plaintiff** while using FoxBet Sportsbook & Casino Mobile App (**See Exhibit 20 through Exhibit 36**). **(3)** $100.00 which is the redemption amount of 9000 stars coins.

Plaintiff seeks relief under the Trade Practice Act for monetary redress. Plaintiff seeks **liquidated damages** in the amount of $15,000.00 for **contract rescission** to overturn the company's action thus making it possible to overturn the withdrawal amount of **$20,303.07 made by the plaintiff and canceled by a third-party.**

Anthony Eaves seeks **monetary damages in form of compensatory damages for** the amount of $20,303.07 pursuant to **Intentional Liability**; Direct Liability; and breach of duty of loyalty and good faith. General **Compensatory damages** are sought for **Anticipatory Breach of Contract** and breach in fiduciary duty to compensate for the loss of what the plaintiff anticipated from the transaction in the amount of $20,303.07 as repudiating the withdrawal requested for $20,303.07 repudiating the withdrawal requested. There were two separates repudiates caused by both defendants #1 Reversal/cancel of the withdrawal prior to 14 day allotted time #2 reversed the withdrawal prior to 10 days allotted time for the funds to appear in Anthony Eaves bank Account. **General Compensatory damages, Liquidated Damages, punitive damages** and **Expectation damages** are sought by plaintiff seeks in the amount of $15,000.00 for "**Liability of a Franchisor for Acts of a Franchisee**" and "**Franchisee Fraud**".

1

Plaintiff seeks **$20,303.07 in reliance damages** pursuant to the promissory estoppel doctrine, based on what it would cost to restore the promise to their economic position before relying on the broken promise. Plaintiff seeks **$20,303.07 in expectation damages** or **compensatory damages** in accordance with the promissory estoppel doctrine which are based on the cost of putting the injured party in the same position as if the promise had been fulfilled **and of which plaintiff expected to be paid to him under the terms of the contract.**

Plaintiff seeks **Liquidated Damages** to restore the plaintiff back to the original position of entitlement because the companies failed to perform contractual obligations.

**Plaintiff, Anthony Eaves seeks Economic Compensatory, Reliance damages, Liquidated Damages, Punitive Damages damages are sought** in the amount of $9,500.00 which will compensate Anthony Eaves for the out of pocket expenses in which he lost by making **17 deposits** into the FoxBet Sportsbook & Casino Mobile App totaling $9,500.00 (**See Exhibit 20 through Exhibit 36**).

Plaintiff seeks **equitable relief** to stop unfair or deceptive business practices which would allow access in the party companies platform Poker stars wherein plaintiff can access his bankroll account and privileges pursuant to the points and credits he had earned by participation in the Fox Bet Sportsbook & Casino ``Loyalty Rewards Program". Plaintiff seeks **permanent Injunction relief** wherein the Stars Group will allow access to PokerStars.

Plaintiff seeks in **consequential damages** for **lost profits** and **breach of contract** as the losses incurred with loss points/credits of the Foxbet Loyalty Rewards Program point is difficult to exactly determine.

2

Plaintiff seeks **Nominal Damages** in the amount of $1,000.00 (One Thousand Dollars) for breach of Duty and Breach of Contract; **Liquidated damages, or ascertained damages** for **Breach of covenant**

**Plaintiff seeks compensatory damages for intentional interference with contractual obligations regarding the plaintiff pending bank transfer from his bankroll for the amount of $20,303.07 as this amount derived from profiting and gambling winnings that occurred on January 30, 2022 and January 31, 2022.**

**Plaintiff seeks $2,000.00 for intentional infliction of emotional distress in addition to relief of restitution and punitive damages in the amount of $5,000.00. Plaintiff expected $20,303.07 from benefit and profit by means of bank transfer.**

**Plaintiff seeks $10,000.00 for breach of fiduciary duties of which occurred by the distribution channels of FoxBet Sportsbook & Casino.**

**Plaintiff seeks $20,303.07 pursuant to "successor liability" wherein the debt and obligations of the predecessor FoxBet have become duties of PokerStars and Fanduel**

**Plaintiff seeks economic damages and punitive damages for fraudulent financial transactions, common law fraud wherein he suffered multiple financial losses.**

Respectfully submitted,

Anthony Eaves

PLAINTIFF

3